**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ronda Accola, a single woman<br>                    Plaintiff,<br><br>vs.<br><br>Dental Specialty Associates, PLC., an Arizona Professional LLC.; Brian Lilien and Jane Doe Lilien, husband and wife; Lior Berger and Jane Doe Berger, husband and wife,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Unclassified Civil- FLSA Violation)**<br><br>**(Jury Trial Requested)** |

Plaintiff alleges:

### NATURE OF THE CASE

1.      Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

2.      For at least eight (8) months prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per

week.

3.      For at least eight (8) months prior to the filing of this action, Plaintiff worked at least twenty (20) to twenty-five (25) hours in excess of forty (40) hours per week and was not paid time and a half.

4.      Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to A.R.S. §§ 12-123 and 12-401 and 29 U.S.C. §216(b).

6.      Venue is proper under A.R.S. § 12-401 as the events giving rise to this cause of action occurred in Maricopa County.

## PARTIES

7.      At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

8.      At all times material hereto, Dental Specialty Associates, PLC was incorporated in the State of Arizona and has its principal place of business at 20664 North 101st Way, Scottsdale, AZ 85255.

9.      Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Brian Lilien and Lior Berger, are the owners of Dental Specialty Associates, PLC.

10.     Upon information and belief, Brian Lilien was and continues to be a resident of

Maricopa County, Arizona.

11.     Jane Doe Lilien is the fictitious name for Brian Lilien's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Brian and Lilien Berger have caused events to take place giving rise to this Complaint to which their martial community is fully liable.

12.     Upon information and belief, Lior Berger was and continues to be a resident of Maricopa County, Arizona.

13.     Jane Doe Berger is the fictitious name for Lior Berger's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Lior and Jane Doe Berger have caused events to take place giving rise to this Complaint to which their martial community is fully liable.

14.     At all relevant times, Plaintiff was an "employee" of Dental Specialty Associates, PLC, as defined by 29 U.S.C. §203(e)(1).

15.     The provisions set forth in 29 USC §207, of the FLSA apply to Dental Specialty Associates, PLC.

16.     At all relevant times, Dental Specialty Associates, PLC, was and continues to be an employer as defined by 29 USC §203(d).

17.     At all times material to this action, Dental Specialty Associates, PLC, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18.     Upon information and belief, at all relevant times, the annual gross revenue of Dental Specialty Associates, PLC, exceeded $500,000.00.

# **FACTUAL BACKGROUND**

19.     Dental Specialty Associates, PLC hired Plaintiff to work as a Regional Manager in October 2012.

20.     Plaintiff was paid $4,650.00 per month.

21.     Two weeks after her hire date Plaintiff was relieved of her regional manager duties and was scheduled to work full-time at a single Dental Specialty Associates, PC location.

22.     Plaintiff no longer traveled between Dental Specialty Associate regional locations as the regional manager position required.

23.     At that single location, plaintiff's primary duties consisted of those in a receptionists' position, including checking out patients after their treatment procedures, collecting payments, making patient appointments and responding to complaints by staff, doctors and patients.

24.     Plaintiff was terminated in January 2013.

25.     Plaintiff was a non-exempt employee.

26.     Plaintiff did not have any other employees report to her.

27.     Plaintiff was not a manager.

28.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

29.     Plaintiff did not supervise other employees nor was she responsible for any hiring or firing of employees.

30.     From October 2012 and continuing through the present day, Defendant failed to

properly compensate Plaintiff for any of his overtime hours.  During this time, Plaintiff was worked approximately sixty (60) to sixty-five (65) hours per week including routinely working through lunch periods.

31.     Dental Specialty Associates, PLC.'s failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

32.     Dental Specialty Associates, PLC refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

33.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT

34.     Plaintiff incorporates and adopts paragraphs 1 through 33 above as if fully set forth herein.

35.     While employed at Defendant Dental Specialty Associates, PLC, Plaintiff consistently and regularly worked tens of hours of overtime a week.

36.     Dental Specialty Associates, PLC has intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

37.     Dental Specialty Associates, PLC further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

38.     As a result of Dental Specialty Associates, PLC's violations of the FLSA,

Plaintiff has suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

39.     Under 20 U.S.C. §216 Defendants are liable to Plaintiff for an amount equal to one and one-half  times her regular pay rate for each hour of overtime worked per week.

40.     In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

41.     Dental Specialty Associates, PLC's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

42.     Dental Specialty Associates, PLC, has not made a good faith effort to comply with the FLSA.

43.     Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a.  Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiff's regular rate while at work at Dental Specialty Associates, PLC;

    b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff's costs incurred in this action;

e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLATORY JUDGMENT

44.     Plaintiff incorporates and adopts paragraphs 1 through 43 above as if fully set forth herein.

45.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending.

46.     The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

47.     Plaintiff may obtain declaratory relief.

48.     Defendant employed Plaintiff.

49.     Defendant is an enterprise covered by the FLSA.

50.     Plaintiff was individually covered by the FLSA.

51.     Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

52.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's policy of failing to pay proper overtime compensation remains in effect.

53.     Defendant did not rely on a good faith defense in its failure to abide by the

provisions of the FLSA and failure to pay overtime compensation.

54.    It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

55.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA

    b.  For Plaintiff's costs incurred in this action.

    c.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    d.  For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  May 8, 2013

                                    Respectfully submitted,

                                    **PHILLIPS DAYES LAW GROUP PC**

                                    _____

                                    Trey Dayes
                                    treyd@phillipslaw.com
                                    Attorney for Plaintiff